{¶ 31} I agree that the lack of a final appealable order precludes us from addressing Darrow's third assignment of error. However, I dissent from the majority's rejection of her first and second assignments of error. The majority correctly states the general rule that in the absence of malice, there can be no malpractice claim by a third party against an attorney for action taken during the representation of a client unless there is privity between the third party and the client.Scholler, supra, and LeRoy, supra. However, I believe a different rule applies where the attorney expressly *Page 17 
makes a promise, gratuitous or otherwise, to benefit the third party. Here Zigan purportedly voluntarily undertook a duty to file the deed. Thus, neither he nor his employer were entitled to summary judgment. *Page 18 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, DISMISSED IN PART, AND THE CAUSE REMANDED and that the Appellees and Appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Part and Dissents in Part with Opinion. *Page 1